JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1350 PA (KESx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Venus Bishop v. Blue Shield of California Life & Health Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a the Notice of Removal filed by defendant Blue Shield of California Life & Health Insurance Company ("Defendant"). Defendant asserts that this Court possesses federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this action.

    On December 6, 2024, plaintiff Venus Bishop ("Plaintiff") initiated this action against Defendant in the Superior Court for the County of Los Angeles. The Complaint alleges that Defendant wrongfully processed Plaintiff's medical treatment services as out-of-network. (See Compl. ¶¶ 22–19.) The Complaint alleges that Defendant's conduct amounts to a violation of the No Surprises Act, 42 U.S.C. §§ 300gg-111, et seq. (Id. ¶¶ 2–6.) It also alleges that Defendant's billing practices constitute an "unfair billing pattern" under Cal. Code Regs., tit. 28 § 1300.71.39 and that Defendant's conduct is barred under California Health & Safety Code § 1371.9 and California Insurance Code § 10112.8. (Id. ¶¶ 7, 9.) Based on these allegations, Plaintiff asserts claims under (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and (2) the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Defendant filed its Notice of Removal on February 18, 2025.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1350 PA (KESx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Venus Bishop v. Blue Shield of California Life & Health Insurance Company | | |

Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392.

However, even if a complaint asserts only state-law claims on its face, removal jurisdiction may still be appropriate if "'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir.1996) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In order to establish federal jurisdiction due to a "substantial, embedded question of federal law," a "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005). In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim . . . ." Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012). Further, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346.

Here, Defendant contends that there is embedded federal question jurisdiction over Plaintiff's claims. The NOR alleges that Plaintiff's Complaint is "entirely premised" on an alleged violation of the No Surprises Act. (NOR ¶ 5.) Defendant argues that because Plaintiff's Complaint references and relies an alleged violation of the No Surprises Act in support of the UCL claim, and because Plaintiff's claim under the Declaratory Judgment Act "in essence asks the Court to interpret the No Surprises Act," the Complaint raises a substantial, disputed issue of federal law and removal is therefore proper. (NOR ¶¶ 5–6.)[1/]

---

[1/]    Defendant appears to claim elsewhere in the NOR that because Plaintiff asserts a claim under the Declaratory Judgment Act, this alone suffices to confer federal question jurisdiction in this case. (See NOR at 1:7–9 ("This Court has original jurisdiction over the action pursuant to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1350 PA (KESx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Venus Bishop v. Blue Shield of California Life & Health Insurance Company | | |

    This argument is not persuasive. First, as the Complaint makes clear, Plaintiff's UCL and Declaratory Judgment Act claims are based on alleged violations of both federal and state law. (See Compl. ¶¶ 2--9, 46, 64.) Because the Complaint offers both federal and state law theories of liability for each of Plaintiff's claims, Plaintiff's right to relief does not necessarily depend upon the resolution of a question of federal law. As such, federal question jurisdiction does not attach. See Rains, 80 F.3d at 346; see also Allen Saltzman LLP v. Bank of Am. N.A., No. ED CV 24-956-KK-SHKx, 2024 WL 3582626, at *3 (C.D. Cal. July 29, 2024) (finding no federal question jurisdiction where Plaintiff's UCL claims could be supported by alternative and independent state law theories); J.P. v. E. Revenue, Inc., No. 2:23-CV-10512-HDV-Ex, 2024 WL 915521, at *2 (C.D. Cal. Mar. 1, 2024) (same).

    Moreover, the authority cited by Defendant is inapposite. In Brennan v. Southwest Airlines, the Ninth Circuit concluded that the district court had federal question jurisdiction over a UCL claim because the UCL claim was, in reality, a tax refund claim for which only the Internal Revenue Code could provide a remedy. See 134 F.3d 1405, 1409 (9th Cir. 2004). In Nat'l Credit Reporting Assn. v. Perian Information Solutions, Inc., the district court found that the plaintiff's claim required an interpretation of the Sherman Act, which grants exclusive jurisdiction to the federal courts. See No. C04-01661 WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004). Here, by contrast, Defendant cites no authority to suggest, and the Court finds no basis on which to conclude, that the No Surprises Act grants exclusive jurisdiction to federal courts or that it provides the sole remedy for Plaintiff's alleged injury.

    For the foregoing reasons, Defendant has failed to meet its burden of showing that federal question jurisdiction exists. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 24STCV32307, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.

---

28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action that arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.").) To the extent Defendant seeks to invoke the Court's jurisdiction on this basis, the Court rejects this argument because "[i]t is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established. City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1006 (9th Cir. 2010) (citation omitted).